# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2702

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael J. Bean, Jr., | * | [Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 10, 2004
Filed: July 2, 2004 **(Corrected 7/14/04)**

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

ERICKSON, District Judge.

Michael Bean, currently incarcerated for bank robbery, appeals from the district court's order[2] and judgment, directing that he be committed to the custody of the Attorney General for mental illness treatment under 18 U.S.C. § 4245. For reversal, Bean argues his involuntary commitment was based upon insufficient evidence and

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

neither the magistrate judge nor the district court made findings of fact or conclusions of law in ordering Bean's commitment. Bean also contends not all the procedural safeguards were complied with prior to ordering his commitment. We affirm.

## I. BACKGROUND

Michael Bean was convicted on November 27, 1989, of bank robbery. Bean was sentenced to 210 months in prison. Bean's projected release date is September 8, 2005. In September 2002, Bean was referred to the United States Medical Center for Federal Prisoners (MCFP) for an assessment and consideration of inpatient psychiatric treatment because he refused to take his prescription antipsychotic medication.

At the MCFP, Bean was observed and interviewed by psychologist Christina Pietz from October 9, 2002, to November 4, 2002. Dr. Pietz diagnosed Bean with having a delusional disorder, exhibiting antisocial behavior, and suffering from obesity with a history of hypertension. Dr. Pietz noted Bean displays bizarre behavior and delusions, including his insistence that he worked as a screenwriter and had written several famous plays and songs.

Following Dr. Pietz's recommendation, the United States filed a motion for a hearing under 18 U.S.C. § 4245(a) to determine Bean's present mental condition. The magistrate judge authorized, at Bean's request, an independent psychological examination. Dr. Kenneth Burstin conducted the independent examination. During the interview with Dr. Burstin, Bean confirmed he was a playwright, songwriter, lyricist, and instrumentalist, but refuted beliefs that he was famous and that he thought there was a conspiracy against him. Dr. Burstin opined that a diagnosis of narcissistic personality disorder is well-supported but a diagnosis of a delusional disorder may not be correct. Dr. Burstin concluded that if Bean does suffer from a delusional disorder it is being adequately controlled with prescription medication.

A hearing was held on May 9, 2003. During the hearing, Bean was called to testify but refused to respond to his appointed attorney's questions. Instead, Bean wanted a sidebar without his attorney and asserted having "a jurisdictional problem with the State of California" that was "absolutely mandate." Bean accused his attorney of committing "fraud against the United States of America" and also declared his attorney has "committed felonies before the United States Court." In response to Bean's assertions, the magistrate judge questioned Bean. When Bean was asked where he currently resides, he testified: "I'm a citizen resident, permanent resident of the State of California by birth. By oath and jurisdiction, I've lawfully served on the United States capacity specified and unspecified felonies, misdemeanors and superior - -."

The magistrate judge found Bean suffers from a mental disease or defect for which he is in need of custody in a suitable facility, and recommended that Bean be committed under § 4245. The district court approved the magistrate judge's report and recommendation and ordered that Bean be committed to the custody of the Attorney General for treatment until he is no longer in need of treatment or until his sentence of imprisonment expires, whichever occurs earlier.

## II.    DISCUSSION

Under 18 U.S.C. § 4245(a), an attorney for the Government, at the request of the director of the facility in which a person is imprisoned, may file a motion with the court for a hearing on the present mental condition of an inmate. The motion shall be granted "if there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a). Subsection (d) of § 4245 further provides that if, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for which he is in need of care or treatment, the person shall be

committed to the custody of the Attorney General.  A finding that a prisoner inmate suffers from a mental disease or defect for which he is in need of treatment under § 4245 is subject to the clearly erroneous standard of review.  United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990).

As evidence that Bean suffers from a mental illness, the magistrate judge had the reports prepared by Dr. Pietz and Dr. Burstin to consider along with Bean's testimony at the hearing. The magistrate judge stated in his report and recommendation that the expert opinion establishes by a preponderance of the evidence that Bean suffers from a mental defect or disease for which he is in need of treatment in a suitable facility.  It is apparent that the magistrate judge found Dr. Pietz's opinion more credible and gave greater weight to it than to Dr. Burstin's opinion.  Further, during the hearing Bean digressed with claims of having "a jurisdictional problem with the State of California" that was "absolutely mandate." The magistrate judge then heard arguments from Bean that his attorney should be removed from the case because he was "accused of fraud against the United States of America" and "committed felonies before the United States Court." These assertions appear to have no basis in reality.  Also, when asked during the hearing where Bean currently resides, he responded that he is a permanent resident of California and "[b]y oath and jurisdiction, [he's] lawfully served on the United States capacity specified and unspecified felonies, misdemeanors and superior - -." Although it would have been better if the magistrate judge had explicitly stated his findings in his report and recommendation, Dr. Pietz's opinion coupled with Bean's conduct at the hearing constitutes ample evidence to support a finding that Bean suffers from a mental disease or defect for which he in need of care or treatment.

After reviewing the record, we conclude there is adequate and competent testimony to sustain a finding to a preponderance of the evidence that Bean suffers from a mental disease or defect for which he is in need of care or treatment in a suitable facility.

Bean also contends not all the procedural requirements were complied with prior to ordering his commitment. Because an adverse outcome in a commitment hearing results in a curtailment of a person's liberty, procedural due process guarantees certain procedural protections. United States v. Baker, 45 F.3d 837, 843 (4th Cir. 1995). In Vitek v. Jones, 445 U.S. 480, 491-96 (1980), the Supreme Court identified the following as minimum safeguards to which due process entitles a respondent in a commitment proceeding: A hearing at which evidence is presented and the respondent is provided a chance to be heard and to present documentary evidence as well as witnesses; the right to confront and to cross-examine government witnesses at the hearing, except upon a showing of good cause; an independent decision maker; a written, reasoned decision; the availability of an independent advisor, although maybe not necessarily an attorney; and effective and timely notice of the pendency of the hearing and of all these rights. In addition, Congress, by statute, has expressly provided for certain protections. See 18 U.S.C. § 4247(d). Under § 4247(d), a person whose mental condition is at issue shall be represented by counsel, shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

In this case, Bean was represented by counsel. He was afforded a hearing in which he was allowed to testify but no other witnesses were called to testify. Bean requested and received an independent medical examination, which produced an opinion somewhat in conflict with Dr. Pietz's earlier opinion. The decision to not call additional witnesses, including the medical witnesses, was most likely a tactical decision by Bean's attorney. We have expressly refused to second-guess by hindsight tactical decisions made by an attorney. See Payne v. United States, 78 F.3d 343, 345 (8th Cir. 1996). In light of all the evidence, we conclude Bean was afforded a reasonable opportunity for a hearing consistent with due process and §§ 4245 and 4247(d) prior to being committed to the custody of the Attorney General for hospital care and treatment for his mental illness.

## III. CONCLUSION

There is ample record evidence to sustain a finding under 18 U.S.C. § 4245 that Bean suffers from a mental disease or defect for which he is in need of care or treatment in a suitable facility. Further, Bean was afforded a reasonable opportunity for a hearing consistent with due process and 18 U.S.C. §§ 4245 and 4247(d). We affirm the judgment of the district court.

_____