**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-7171**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARSHALL NICHOLSON,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:07-hc-02057-BR)

—————————

Submitted:  August 1, 2008          Decided:  August 28, 2008

—————————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Thomas P. McNamara, Federal Public Defender, Jane E. Pearce,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, David T. Huband, Special
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marshall Nicholson appeals the district court's order, under 18 U.S.C. § 4245 (2000), finding that he is presently suffering from a mental disease or defect for which he is in need of custody for care and treatment in a suitable facility. Nicholson contends the district court clearly erred in reaching this finding. We affirm.

Section 4245 provides for the hospitalization of an imprisoned person suffering from mental disease or defect. The district court properly grants a § 4245 motion if the government proves by a preponderance of the evidence that the inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a), (d); see United States v. Baker, 45 F.3d 837, 840 (4th Cir. 1995). The district court's determination of this issue is one of fact, which is reviewed by the appellate court under a clearly erroneous standard. See United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004). A finding is clearly erroneous when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

In making its assessment, the district court relied on the written evaluation of staff at FCI Butner, an independent

psychiatrist's written evaluation, and the live testimony of a Butner psychiatrist. The unanimous conclusion of the experts was that Nicholson suffered from a mental disease or defect for which he required treatment at a suitable facility. Nicholson presented no evidence to the contrary. We therefore have no difficulty concluding that the district court did not clearly err when it found Nicholson needed to be placed in a suitable facility for treatment of his mental illness under § 4245.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED