# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2889

_____

United States of America,                    *
                                             *
                Appellee,                    *
                                             *       Appeal from the United States
        v.                                   *       District Court for the
                                             *       Western District of Missouri.
Carmen Gricco,                               *
                                             *            [UNPUBLISHED]
                Appellant.                   *


_____

Submitted: November 15, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Carmen Gricco appeals the district court's[1] order committing him to the custody of the Attorney General for care or treatment of a mental disease or defect pursuant to 18 U.S.C. § 4245, arguing that the Government presented only equivocal evidence of his need for commitment. We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the Report and Recommendation of the Honorable James C. England, Chief Magistrate Judge of the United States District Court for the Western District of Missouri.

Gricco is serving a life sentence following his 2002 conviction for conspiracy to manufacture and attempted manufacture of methamphetamine, money laundering, aiding and abetting, and possession of a firearm and a machine gun. While housed at the United States Penitentiary in Pollock, Louisiana (USP Pollock), Gricco went on a hunger strike in January 2008, driven by delusions about the FBI arriving to release him from prison because of a murder cover up. He was transferred to the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri, where he resumed eating and was cooperative. Mental health personnel evaluated and interviewed Gricco, and they determined he was not definitively delusional and should be returned to USP Pollock. Gricco was screened at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma en route back to USP Pollock on March 27, 2008, where he was again perceived to be delusional about a murder cover-up.

Upon return to USP Pollock, Gricco refused orders, accused mail room staff of conspiring to tamper with his legal mail, was increasingly hostile, and spoke constantly about his illegal incarceration and the conspiracies against him. Gricco started another hunger strike, and he was returned to USMCFP on August 27, 2008, for evaluation for inpatient treatment. Gricco was assessed by Dr. John Randall Brandt, Chief Psychologist at USMCFP. Dr. Brandt concluded that Gricco suffered from delusional disorder, persecutory type, and recommended that he be committed under § 4245. The United States filed a petition under § 4245(a) to determine Gricco's mental condition, and, at Gricco's request, the district court ordered a separate mental examination by Dr. Kenneth J. Burstin, a private clinical psychologist. After interviewing Gricco and reviewing his file, Dr. Burstin diagnosed Gricco with adult antisocial disorder and paranoid personality disorder but ruled out delusional disorder, persecutory type, because he found the data to be equivocal. The magistrate judge conducted an evidentiary hearing on February 19, 2009, during which Dr. Brandt, Dr. Burstin, and Gricco testified. The magistrate judge issued a Report and Recommendation on May 8, 2009, concluding that Gricco suffered a mental disease

or defect and needed commitment. The district court adopted the Report and Recommendation on June 15, 2009, and ordered Gricco committed. Gricco appeals.

Section 4245 allows the United States to file a petition to have a federal inmate "transferred to a suitable facility for care or treatment" if the inmate objects to the suggested transfer. § 4245(a). Following a hearing, the court "shall commit the person to the custody of the Attorney General" for hospitalization if "the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." § 4245(d). A district court's conclusion that an inmate suffers from a mental disease or defect needing commitment is a question of fact we review for clear error. See United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004).

Gricco argues that the Government failed to meet its burden of establishing by a preponderance of the evidence that he suffers from a mental disease or defect, pointing to Dr. Burstin's conclusion that the data about his mental state was equivocal. Dr. Burstin noted that Gricco had exhibited similar behavior for nearly three years and that he was not seen as needing commitment the prior spring, and, in Dr. Burstin's view, the data base had not changed sufficiently to support the change in diagnosis.

As Gricco recognizes, the Government can meet its burden by presenting an expert witness diagnosing the inmate with a delusional disorder, and the district court does not commit clear error even if the defendant produces another expert with a differing opinion. See id. at 879-80 (affirming district court's finding that inmate suffered from mental disease or defect based on Government expert's opinion and defendant's own testimony, even though defense expert opined defendant's condition was adequately controlled with medication). Although Dr. Burstin believed that Gricco's behavior had not changed significantly, Dr. Brandt opined that Gricco was indeed experiencing his delusional beliefs differently than previously presented and

-3-

that his delusions had grown to include the USMCFP staff. The district court was within its discretion to credit Dr. Brandt's opinion over Dr. Burstin's, and it did not clearly err in finding that Gricco suffers from a mental disease or defect needing commitment.

The district court's judgment is affirmed.

_____