# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2431

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Calvin Wedington, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 27, 2011
Filed: February 8, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Calvin Wedington is serving a life sentenced imposed in 1982 after he pleaded guilty to second-degree murder. He has been confined at the Federal Medical Center in Rochester, Minnesota (FMC Rochester) since 2005, pursuant to a commitment order under 18 U.S.C. § 4245, which provides for the hospitalization of an imprisoned person suffering from a mental disease or defect, until he no longer needs treatment or his prison sentence expires, whichever occurs first. He appeals the

district court's[1] order denying his request under 18 U.S.C. § 4247(h) to be discharged from his commitment, on the ground that he no longer needed treatment.

Following careful review, we conclude that the district court's finding that Wedington was in need of ongoing commitment for mental-health treatment was supported by a preponderance of the evidence and not clearly erroneous. See 18 U.S.C. § 4245(d) (determination of mental illness and treatment need, and burden of proof); 18 U.S.C. § 4247(h) (providing for motion for hearing to determine whether person confined under § 4245, inter alia, should be discharged); United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004) (standard of review of § 4245 order); United States v. Frierson, 208 F.3d 282, 283 (1st Cir. 2000) (commitment under § 4245 continues until earlier of expiration of sentence, determination by director of medical facility that prisoner is no longer in need of hospitalization, or determination by court by preponderance of evidence after hearing upon motion by counsel for committed person that he should be discharged). Notwithstanding Wedington's denial of mental illness, his exemplary behavior while medicated, and his concern about the side effects of his medication, the district court's finding was supported by Wedington's history of declining mental health upon stopping his antipsychotic medication, his lack of insight into his mental illness, his plan to stop taking his antipsychotic medication, and the testimony of the FMC Rochester chief of psychology that Wedington's life would be endangered if he discontinued his antipsychotic medication, in part because of the resulting risk that he would stop taking medication for his medical conditions.

Accordingly, we grant counsel's motion to withdraw, and we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, then a United States Magistrate Judge for the District of Minnesota, now United States District Judge for the District of Minnesota.