**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7707**

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

      v.

ANTHONY ROGERS,

              Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:10-hc-02186-BR)

Submitted: July 14, 2011         Decided: August 11, 2011

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jane E. Pearce, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Rogers appeals the district court's order, under 18 U.S.C. § 4245 (2006), finding that he is presently suffering from a mental disease or defect for which he is in need of custody for care and treatment in a suitable facility. Rogers contends that the district court clearly erred in reaching this conclusion. We affirm.

Section 4245 provides for hospitalization of an imprisoned person suffering from mental disease or defect. A district court properly grants a § 4245 motion if the government proves by a preponderance of the evidence that the inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a), (d); see United States v. Baker, 45 F.3d 837, 840 (4th Cir. 1995). A district court's determination of this issue is reviewable on appeal for clear error. United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004).

In making its assessment, the district court here relied on a written evaluation of staff at FMC-Butner, an independent psychiatrist's written evaluation, and the live testimony of a Butner psychiatrist. The unanimous conclusion of the medical personnel was that Rogers suffered from a mental disease or defect for which he required treatment at a suitable facility. Even though Rogers complied with his medication in

2

the time leading up to the hearing and thus showed improvement, the doctors predicted that Rogers would relapse into refusing his medication and thus exhibit symptoms of his schizoaffective disorder. Based on Rogers's history, the written evaluations, and the sworn testimony, we conclude that the district court did not commit clear error when it found that Rogers required placement in a suitable facility for mental health treatment under § 4245.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED