# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 12-1145

_____

United States of America,           *
                                      *

      Appellee,         *

                                      *   Appeal from the United States
    v.                          *   District Court for the
                                        *   Western District of Missouri.

Anthony C. Deloney,          *

                                      *   [UNPUBLISHED]
      Appellant.      *

_____

Submitted: June 21, 2012
Filed: June 21, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, federal pretrial detainee Anthony Deloney appeals the district court's[1] order finding him incompetent to proceed to trial and committing him to a mental-health facility, pursuant to 18 U.S.C. § 4241(d)(1). His counsel has moved to withdraw and has filed a brief asserting a due process argument and an ineffective-assistance claim.

_____

[1] The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

Upon careful review, we conclude that the district court did not commit clear error in determining that Deloney was incompetent to stand trial. See United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006). We further conclude that the competency hearing adequately complied with the requirements of due process and 18 U.S.C. § 4247(d). See 18 U.S.C. § 4247(d) (at hearing, person shall be afforded opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at hearing); United States v. Bean, 373 F.3d 877, 880-81 (8th Cir. 2004) (defendant was afforded reasonable opportunity for hearing consistent with due process and § 4247(d) where he was represented by counsel at hearing and allowed to testify, although no other witnesses were called to testify; this court has expressly refused to second-guess by hindsight tactical decisions made by attorneys). Finally, we conclude that consideration of Deloney's ineffective-assistance claim would not be appropriate at this time. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (claims of ineffective assistance of counsel are usually best litigated in collateral proceedings).

Accordingly, we decline to consider Deloney's ineffective-assistance claim on direct appeal, and we affirm the order of the district court. We also grant counsel's motion to withdraw.

_____