# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2174
_____

United States of America

*Petitioner - Appellee*

v.

Calvin Scott Wedington

*Respondent - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 7, 2013
Filed: November 8, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Calvin Wedington is serving a life sentence imposed in 1982 after he pleaded guilty to second-degree murder. He is confined at the Federal Medical Center in Rochester, Minnesota, pursuant to a 2005 commitment order under 18 U.S.C. § 4245, which provides for the hospitalization of an imprisoned person suffering from a mental disease or defect, until he no longer needs treatment or his

prison sentence expires, whichever occurs first. In this proceeding, Wedington appeals the district court's[1] order denying his most recent 18 U.S.C. § 4247(h) motion for discharge from commitment.

Following careful review, we conclude that ample evidence supported the district court's finding after a hearing that Wedington was in need of ongoing commitment. See 18 U.S.C. § 4245(d) (determination of mental illness and treatment need; burden of proof), § 4247(h) (discharge); United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004) (finding under § 4245 is reviewed for clear error); United States v. Frierson, 208 F.3d 282, 283 (1st Cir. 2000) (commitment under § 4245 continues until earlier of expiration of sentence, determination by director of medical facility that prisoner is no longer in need of hospitalization, or determination by court by preponderance of evidence after hearing upon motion by counsel for committed person that he should be discharged). Despite Wedington's generally exemplary behavior while receiving treatment for his schizophrenia, and his concern about the side effects of his medication, the district court's denial of Wedington's motion to be discharged from commitment was supported by evidence that he lacked insight into his mental illness, that he had a history of refusing medication and decompensating when discharged from prior section 4245 commitments, that he openly indicated he would stop taking his psychiatric medication if allowed to do so, and that his life would be endangered as a result of likely noncompliance with treatment for his other medical conditions if he discontinued his psychiatric medication. Accordingly, we affirm the judgment of the district court, see 8th Cir. R. 47B, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.