# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3653

_____

United States of America

*Plaintiff - Appellee*

v.

Julio Hernandez-Lopez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 6, 2015
Filed: April 28, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Julio Hernandez-Lopez, who is serving a life sentence and is currently confined at the United States Medical Center for Federal Prisoners (MCFP)

in Springfield, Missouri, appeals from the judgment of the District Court[1] committing him to the custody of the Attorney General for mental health treatment under 18 U.S.C. § 4245, which provides for the hospitalization and treatment of an imprisoned person suffering from a mental disease or defect until he no longer needs treatment or his prison sentence expires, whichever occurs first.

Under § 4245, if an imprisoned person objects to recommended mental-health treatment, the government may file a motion for a hearing to determine the present mental condition of that person. 18 U.S.C. § 4245(a). "If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4245(d). We review for clear error a finding that an inmate is in need of commitment under § 4245. United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004) (standard of review).

In addition to Hernandez-Lopez's testimony that he did not suffer from a mental illness, the evidence introduced at the hearing included the opinions of a MCFP clinical psychologist and an independent psychologist who interviewed Hernandez-Lopez and reviewed his records. These psychologists agreed that Hernandez-Lopez met the diagnostic criteria for schizophrenia, with his most prominent symptoms being bizarre delusional beliefs that caused him great stress. They further agreed that Hernandez-Lopez harbored paranoid beliefs about others using complicated technology to harm him; he had a history of aggression against prison staff related to his beliefs and had engaged in a hunger strike related to his beliefs; he had no insight into the nature or ramifications of his mental illness; he had

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

rejected participation in a treatment program; and his symptoms precluded him from functioning adequately in a regular prison facility. We conclude that the District Court did not clearly err in finding that commitment under § 4245 was appropriate. We also conclude that the court properly followed the procedural requirements for commitment, despite Hernandez-Lopez's position that he had not been permitted to expound on his theories of technological harm. We note, however, that the District Court's order does not authorize the involuntary administration of antipsychotic medications to Hernandez-Lopez, as that separate issue was not before the court at the hearing. See Washington v. Harper, 494 U.S. 210, 227 (1990) ("[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, *if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.*" (emphasis added)).

We deny Hernandez-Lopez's pro se motions for new counsel and injunctive relief, and we grant counsel's motion to withdraw, subject to counsel informing Hernandez-Lopez about the procedures for filing a petition for rehearing and for certiorari.

———————————————————