ALD-400                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1959
_____

CALVIN WEDINGTON,
                              Appellant

v.

USA; ATTORNEY GENERAL;
BLACK LIVES MATTER-ALL LIVES MATTER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-16-cv-00209)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016

Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: September 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Calvin Wedington appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

Wedington, a federal prisoner, is currently serving a life sentence after pleading guilty to second-degree murder in 1982. Since 2005, he has been held in the Federal Medical Center in Rochester, Minnesota (FMC-Rochester) pursuant to a commitment order under 18 U.S.C. § 4245. See United States v. Wedington, 409 F. App'x 969 (8th Cir. 2011); United States v. Wedington, 539 F. App'x 698 (8th Cir. 2013). Wedington filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The District Court dismissed the petition as meritless. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

As the District Court noted, it is difficult to discern Wedington's habeas claims from his petition. Wedington appears to seek release pursuant to 18 U.S.C. § 3624; the District Court lacked jurisdiction to afford such relief. A § 2241 petition is properly filed in the jurisdiction in which the prisoner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994)

2

("A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district."). FMC-Rochester is located outside the territory of the Middle District of Pennsylvania.[1] The District Court therefore lacked jurisdiction to consider his petition.[2]

Accordingly, because no "substantial question" is presented as to the dismissal of the § 2241 petition, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Although the District Court did not specify, the dismissal is without prejudice. Wedington's motions for appointment of counsel are denied.

---

[1] FMC-Rochester is located within the territory of the Minnesota District Court. See http://www.uscourts.gov/court-locator/zip/55903/court/district (last visited August 26, 2016).

[2] To the extent Wedington sought relief for violations of his civil rights and/or to recover damages, his claims do not sound in habeas and § 2241 was not the proper vehicle for relief. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").