# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3850

_____

United States of America

*Petitioner - Appellee*

v.

Calvin Wedington

*Respondent - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 15, 2017
Filed: November 14, 2017
[Published]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Calvin Wedington pleaded guilty to second-degree murder in 1982 and was sentenced to life in prison. In 2005, the district court granted a petition by the United States to transfer custody to the Federal Medical Center in Rochester, Minnesota (FMCR), finding that Wedington "is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a

suitable facility." 18 U.S.C. § 4245(d). Under this section, the Attorney General "shall hospitalize" an inmate "until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." Id. However, the statute permits counsel for a committed person to file a motion "for a hearing to determine whether the person should be discharged from such facility." 18 U.S.C. § 4247(h). Wedington now appeals the denial, after a hearing, of his third motion for an order discharging him from FMCR into a general prison population. He argues that the district court[1] clearly erred in finding that he is in need of continuing custody for treatment of his schizophrenia. See United States v. Bean, 373 F.3d 877, 879 (8th Cir. 2004) (standard of review). We affirm.

Dr. Melissa Klein, an FMCR psychologist, was the only witness to testify at the evidentiary hearing. She testified that Wedington suffers from a longstanding mental illness, schizophrenia. Consistent with the findings of a detailed 2015 Risk Assessment admitted as Hearing Exhibit B, Dr. Klein testified that, after Wedington's prior discharge motion was denied in 2013, he has exhibited persistent delusions, denied having a mental illness, objected to taking anti-psychotic schizophrenia medication that he involuntarily receives, and rejected treatment for his glaucoma. In a July 2015 letter to his aunt, Wedington claimed he was sent to FMCR in part to protect him after "being shot again for the sixth time since working for the Justice Dept." In January 2016, Wedington's psychiatrist, Dr. Bocanegra, noted after a clinical encounter that Wedington appeared "grandiose" and "paranoid" and opined that Wedington "could be dangerous to himself or to others due to his delusions." Dr. Klein acknowledged Wedington's record of good behavior at FMCR and improved compliance with his diabetes and hypertension treatments. But she opined that, if discharged from FMCR hospitalization, Wedington would likely stop taking his

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

medications, decompensate, put his own health at risk, and engage in "assaultive behavior towards others," as he did when three prior § 4245(d) commitments were lifted. Accordingly, Dr. Klein opined that Wedington continues to be in need of FMCR hospitalization for the care and treatment of his mental illness.

Wedington argues that evidence he stopped taking anti-psychotic medications and decompensated over a decade ago cannot support a prediction that he would behave the same if discharged today. Otherwise, reliance on dated evidence could justify perpetual commitment at FMCR. This argument ignores the government's extensive evidence establishing Wedington's continuing delusional behavior and refusal to acknowledge his mental illness and other medical needs. The district court relied on this evidence in finding, consistent with the opinions of Dr. Klein and Dr. Bocanegra, that Wedington's recent periods of good behavior and improved physical health compliance are attributable to his involuntary medication, and that he is therefore in need of continuing custody in the FMCR facility for the care and treatment of his longstanding mental disease, schizophrenia. Thus, the record evidence supports the district court's finding that Wedington requires ongoing commitment at FMCR under 18 U.S.C. § 4245(d).

After careful review of the record, we conclude that ample evidence supports the district court's finding and therefore affirm.

_____