**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6283**

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

    v.

DANNY RONEY,

                Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:20-hc-02244-BR)

Submitted:  September 9, 2021           Decided:  September 14, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Genna Danelle Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Terron Roney appeals the district court's order finding that he is presently suffering from a mental disease or defect for which he is in need of custody for care and treatment in a suitable facility under 18 U.S.C. § 4245 and ordering him into the custody of the United States Attorney General for hospitalization and treatment. Roney's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court made adequate findings of fact. Although informed of his right to file a pro se supplemental brief, Roney has not done so. We affirm.

Section 4245 provides for the hospitalization of an imprisoned person suffering from mental disease or defect. A district court properly grants a § 4245 motion if the government proves by a preponderance of the evidence that an inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a), (d); *United States v. Baker*, 45 F.3d 837, 840 (4th Cir. 1995). The district court's determination of this issue is one of fact that we review under a clearly erroneous standard. *United States v. Bean*, 373 F.3d 877, 879 (8th Cir. 2004). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

In making its assessment, the district court relied on both the written evaluation and live testimony of a forensic psychologist from the Federal Medical Center at Butner, North Carolina. The psychologist rendered her expert opinion that Roney suffered from a mental

disease or defect for which he required treatment at a suitable facility and that, in the absence of such an order, he presented a danger to himself and others. Roney presented no evidence to the contrary. We therefore conclude that the district court did not clearly err when it found Roney needed to be placed in a suitable facility for treatment under § 4245. We also conclude Roney received all of the procedural protections to which he was entitled. *See Vitek v. Jones*, 445 U.S. 480, 494-96 (1980) (identifying minimum procedural safeguards for commitment).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's order. This court requires that counsel inform Roney, in writing, of the right to petition the Supreme Court of the United States for further review. If Roney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*