# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3386

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Rene Ramirez-Hernandez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 15, 2006
Filed: June 5, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Rene Ramirez-Hernandez pleaded guilty to possessing methamphetamine with the intent to distribute it. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii). He then moved to withdraw his plea on the ground that his attorney had coerced him into making it. The district court[1] denied the motion, concluding that there was no fair and just reason to permit a withdrawal. After sentencing, Mr. Ramirez-Hernandez appealed, and we affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## I.

With the help of a confidential informant, police arranged a meeting to purchase methamphetamine from Audra Lemus. Ms. Lemus, in agreeing to meet, stated that a person named Rene might accompany her. Police arrested both Mr. Ramirez-Hernandez and Ms. Lemus upon arrival. A search of the truck that Mr. Ramirez-Hernandez was driving yielded approximately ninety grams of methamphetamine.

Through negotiations with the government, Mr. Ramirez-Hernandez's attorney secured a plea agreement under which his client agreed to plead guilty to possession of methamphetamine with the intent to distribute it and the government agreed to dismiss Mr. Ramirez-Hernandez on a related conspiracy count. Mr. Ramirez-Hernandez, both in the plea agreement and in his plea colloquy, stated that his plea was not the product of coercion.

Shortly before sentencing, Mr. Ramirez-Hernandez received a copy of the pre-sentence investigation report, which indicated that the guidelines range for his offense was 121 to 151 months' imprisonment. Mr. Ramirez-Hernandez then filed a *pro se* motion asserting that his attorney had coerced him into pleading guilty. According to Mr. Ramirez-Hernandez, his attorney made him believe that if he pleaded guilty he would receive a lower sentence than he would if he proceeded to trial. The district court denied the motion, concluding that Mr. Ramirez-Hernandez likely came to regret his plea once he saw the pre-sentence report; such regret, the court concluded, did not amount to a fair and just reason to permit a withdrawal of the plea.

## II.

A district court may permit a defendant to withdraw a guilty plea before sentencing if there is a fair and just reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). While the standard is liberal, the defendant has no automatic right to withdraw a plea. *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996). Even if such a fair and just reason exists, before granting the motion a court must consider

"whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered. *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). We review the district court's denial of the motion to withdraw for an abuse of discretion. *Id.*

Although Mr. Ramirez-Hernandez's *pro se* motion speaks of compulsion, his argument before the district court essentially was that his attorney's comments made him think that by pleading guilty he would get a sentence significantly below the guideline range in the presentence report. A defendant may not withdraw a plea, however, merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. *United States v. Burney*, 75 F.3d 442, 445 (8th Cir. 1996). This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be. *Id*. The plea agreement that Mr. Ramirez-Hernandez signed stated that the possession count carried with it a minimum sentence of five and a maximum sentence of forty years and that the district court would apply the sentencing guidelines in determining the ultimate sentence. At the plea hearing, the district court confirmed that Mr. Ramirez-Hernandez was aware of these facts. We therefore conclude that the district court did not abuse its discretion by denying the motion to withdraw the guilty plea.

On appeal, however, Mr. Ramirez-Hernandez recasts the issue from one of confusion to one of ineffective assistance of counsel. He contends that his attorney's supposed misstatements amounted to ineffective assistance of counsel and that such ineffective assistance is a fair and just reason to let him withdraw his guilty plea.

Claims of ineffective assistance of counsel, however, are usually best litigated in collateral proceedings, *United States v. Payton*, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999), *cert. denied*, 528 U.S. 843 (1999). We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent. *United States v. Cook*, 356 F.3d 913, 919-20 (8th Cir. 2004). Here, the record is not sufficiently developed to let us pass on the merits of Mr. Ramirez-Hernandez's claim. Most of the questions asked at the hearing on Mr. Ramirez-Hernandez's motion to withdraw his plea were asked by the district court. A properly developed record for purposes of determining a claim of ineffective assistance of counsel would include cross-examination by Mr. Ramirez-Hernandez of his counsel on the question of what advice counsel gave him. We therefore decline to review Mr. Ramirez-Hernandez's ineffective-assistance-of- counsel claim, concluding that it is more properly raised in a separate motion under 28 U.S.C. § 2255. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998).

### III.

For the foregoing reasons, we affirm the judgment of the district court, but we deny without prejudice Mr. Ramirez-Hernandez's claim that his counsel was ineffective.

_____