# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2109

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Eastern District of Missouri. |
| Donald Ray Evans, | * |
| | *    [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: September 6, 2006
Filed: September 26, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Donald Ray Evans pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing the district court[1] calculated a Guidelines imprisonment range of 151-188 months, and sentenced Evans to concurrent terms of 180 months in prison and 3 years of supervised release, and ordered him to pay $2,624.22 in restitution. On appeal, counsel moves to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing there is nothing to appeal. In his pro se brief and mandamus petition, Evans argues a multitude of issues

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

regarding the completeness of his appellate record, his plea, and his sentencing. Evans also claims ineffective assistance of counsel.

Having carefully considered each of Evans's claims, we conclude they lack merit and we affirm the judgment of the district court. As to Evans's claim of ineffective assistance of counsel, we find no reason to depart from this court's usual rule of requiring such claims to be raised in a 28 U.S.C. § 2255 motion. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent"). Finally, we find that Evans's request to include extra-judicial letters in the district court record has been previously granted and accordingly we deny his mandamus petition. See In re MidAmerican Energy Co., 286 F.3d 483, 486 (8th Cir. 2002) (per curiam) (mandamus is extraordinary remedy reserved for extraordinary circumstances, such as those amounting to judicial usurpation of power).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, deny the mandamus petition, and grant counsel's motion to withdraw.

_____