# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3080

_____

United States of America,

        Appellee,

v.

Christopher Orville Myers,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: January 5, 2007
Filed: January 30, 2007

_____

Before MURPHY, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Christopher Myers (Myers) appeals his conviction and the 28-month prison sentence imposed by the district court[1] after he pled guilty to mailing threatening communications, in violation of 18 U.S.C. § 876. Myers's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967).

Myers entered into a plea agreement in which he waived his right to appeal, with limited exceptions. We conclude the waiver is valid, because the record shows

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation.

Myers entered into both the plea agreement and appeal waiver knowingly and voluntarily. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (concluding this court will enforce an appeal waiver contained in plea agreement when "both the waiver and plea agreement were entered into knowingly and voluntarily"). To the extent Myers argues his counsel was ineffective, we see no reason to depart from this court's usual rule of requiring ineffective-assistance claims to be raised in a 28 U.S.C. § 2255 motion, where a proper record can be developed. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (stating this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent").

Having determined Myers entered into both the plea agreement and appeal waiver knowingly and voluntarily, we conclude the waiver bars the arguments raised by Myers and his counsel. In addition, we have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues that fall outside the scope of the appeal waiver. We conclude no miscarriage of justice would result from enforcing the waiver in this appeal. Cf. Andis, 333 F.3d at 890 (explaining the court will not enforce a valid plea waiver where to do so would result in miscarriage of justice). Thus, we specifically enforce the appeal waiver by dismissing this appeal. We also grant counsel's motion to withdraw, and we deny Myers's pending motions.

_____

-2-