# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2222

_____

United States of America,       *
      *
     Appellee,       *
      *    Appeal from the United States
    v.       *    District Court for the
      *    District of Nebraska.
Walter Tomasino-Zapata,       *
      *    [UNPUBLISHED]
     Appellant.       *

_____

Submitted: February 20, 2007
Filed: March 1, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Walter Tomasino-Zapata (Zapata) appeals the sentence the district court[1] imposed after he pleaded guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and to identity theft, in violation of 18 U.S.C. § 1028A. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Zapata has filed a supplemental brief.

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Zapata entered into a plea agreement in which he waived his right to appeal. We conclude that the waiver is valid, because the record shows that Zapata entered into both the plea agreement and waiver knowingly and voluntarily. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (this court will enforce appeal waiver contained in plea agreement when "both the waiver and plea agreement were entered into knowingly and voluntarily"). To the extent Zapata argues his counsel was ineffective, we see no reason to depart from this court's usual rule of requiring ineffective-assistance claims to be raised in a 28 U.S.C. § 2255 motion, where a proper record can be developed. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent").

Having determined that Zapata's plea and appeal waiver were voluntary and knowing, we conclude the waiver bars the arguments raised by Zapata and his counsel. In addition, we have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues that fall outside the scope of the appeal waiver. We conclude that no miscarriage of justice would result from enforcing the waiver in this appeal. Cf. Andis, 333 F.3d at 890 (court will not enforce valid plea waiver where to do so would result in miscarriage of justice). Thus, we specifically enforce the appeal waiver by dismissing this appeal. We also grant counsel's motion to withdraw.

_____