# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-2687

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Christopher Plooster, | * | Northern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |
| | * | |

_____

Submitted: April 9, 2007
Filed: April 13, 2007

_____

Before MELLOY, BOWMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Christopher Plooster appeals the district court's[1] denial of his motion to withdraw his guilty plea. Pursuant to a plea agreement, Plooster pled guilty to conspiracy to distribute 500 grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, possession with intent to

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

distribute 50 grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 860, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The plea agreement specifically acknowledged that Plooster was subject to enhanced penalties under 21 U.S.C. § 851.

Nearly nine months after entering his guilty plea but before he was sentenced, Plooster filed a motion to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d), based on the following reasons: (1) his attorney ineffectively represented him in a number of respects; (2) the attorney-client relationship between Plooster and his attorney had broken down prior to his guilty plea; and (3) he was not aware that a notice of an enhanced sentence, pursuant to 21 U.S.C. § 851, had been filed against him until after he had pled guilty. The district court held a hearing and denied the motion in a 21-page order. Plooster argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006). Pursuant to Rule 11(d), a guilty plea may be withdrawn before sentencing if the defendant can show a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Mugan*, 441 F.3d 622, 630-31 (8th Cir. 2006), *cert. denied*, --- U.S. ---, 127 S. Ct. 191 (2006). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." *Ramirez-Hernandez*, 449 F.3d at 826. Having carefully reviewed the record, the applicable legal authorities and the thorough and well-reasoned order of the district court, we agree with the district court that Plooster did not establish a "fair and just reason" for withdrawing his guilty plea. Accordingly, we find no abuse of discretion in the district court's decision and affirm its judgment. *See* 8th Cir. R. 47B.

_____