# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1344

_____

United States,                          *
                                        *
            Appellee,                   *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Northern District of Iowa.
Jahmal Green, also known as             *
Cheeseburger,                           *   [UNPUBLISHED]
                                        *
            Appellant.                  *

_____

Submitted: December 7, 2007
Filed: December 13, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jahmal Green pleaded guilty to distributing .69 grams of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) within 1,000 feet of a protected location after having been previously convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 851, and 860(a). The district court[1] sentenced Green to a mandatory term of life in prison because he had two or more prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A) (if any

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

person violates § 860 after two or more convictions for felony drug offenses, that person shall be sentenced to mandatory term of life imprisonment). On appeal, Green's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). For the reasons discussed below, we grant counsel's motion and affirm.

Counsel argues that the district court erred in accepting Green's guilty plea because he did not fully understand that the plea would result in a mandatory sentence of life in prison. In a pro se appellate filing, Green also contends that he did not understand his plea. Additionally, he challenges his life sentence, claiming that his previous drug offenses were "minor," and asserts that his attorney incorrectly advised him to plead guilty.

We conclude that Green cannot first challenge his guilty plea in a direct criminal appeal. *See United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006) (if defendant fails to attempt to withdraw guilty plea in district court, claim that guilty plea was not knowing and intelligent is not cognizable on appeal), *cert. denied*, 127 S. Ct. 989 (2007). We also conclude that the district court did not commit error, plain or otherwise, when it sentenced Green to life in prison based on his previous felony drug offenses. *See* 21 U.S.C. § 802(44) ("felony drug offense" means federal or state offense that prohibits or restricts conduct relating to drugs and is punishable by imprisonment for more than one year); *United States v. Patterson*, 481 F.3d 1029, 1034 (8th Cir. 2007) (failure to raise issue at sentencing results in plain-error review on appeal). Finally, to the extent Green is claiming ineffective assistance of counsel, we decline to review his claim in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (declining to review ineffective assistance of counsel claim on direct appeal; claim is more properly raised in separate motion under 28 U.S.C. § 2255).

After carefully reviewing the record in accordance with *Penson v. Ohio*, 488 US. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw and we affirm.

_____