# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2607

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Missouri. |
| James Glenn Hayes, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: January 17, 2008
Filed: January 29, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

James Hayes pleaded guilty to conspiring to manufacture a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing pseudoephedrine knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court[1] varied downward from the advisory Guidelines sentence of life, and sentenced Hayes to 324 months in prison followed by 5 years of supervised release for the conspiracy count, and a concurrent 240-month prison sentence and 3 years of supervised release for the

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

possession count. On appeal, Hayes's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

Counsel argues in the *Anders* brief that the sentence imposed is unreasonable. Upon careful review, however, we conclude that the sentence is not unreasonable given the court's consideration of appropriate factors under 18 U.S.C. § 3553(a). *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007) (appellate court must review sentence under abuse-of-discretion standard regardless of whether sentence is inside or outside Guidelines range); *United States v. Haack*, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion).

In a pro se supplemental brief, Hayes contends that his counsel was ineffective at the sentencing hearing, and that the district court's imposition of sentencing enhancements was contrary to *United States v. Booker*, 543 U.S. 220 (2005). He also seeks the appointment of new counsel. We decline to review Hayes's ineffective-assistance claim in this direct appeal, *see United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (declining to review ineffective-assistance-of-counsel claim on direct appeal; claim is more properly raised in separate motion under 28 U.S.C. § 2255); and the district court did not violate Hayes's constitutional rights in applying the sentencing enhancements because the court treated the Guidelines as advisory, *see Booker*, 543 U.S. at 259 (excising statutory provision that requires sentencing courts to impose sentence within applicable Guidelines range allows Guidelines to satisfy constitutional requirements).

Reviewing the record in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, deny Hayes's request for new counsel, and affirm.

_____