# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3671

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Royal Adams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2009
Filed: June 16, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Royal Adams challenges the sentence the district court[1] imposed upon his guilty plea to filing false income tax returns, in violation of 26 U.S.C. § 7206(1). Adams's counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that § 7206(1) is unconstitutional, that the district court abused its discretion in sentencing Adams, and that Adams received ineffective assistance of counsel below.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Pursuant to his written plea agreement, Adams waived "all rights to appeal all sentencing issues" if the court accepted his plea, applied the plea-agreement recommendations, and sentenced Adams within the applicable Guidelines range. We enforce this appeal waiver to preclude any argument that the court abused its discretion in sentencing him: (1) the court accepted Adams's plea, applied the plea agreement stipulations, and sentenced Adams within the resulting Guidelines range, thereby satisfying the conditions precedent to the appeal waiver; (2) the plea hearing colloquy shows that Adams knowingly and voluntarily entered into the plea agreement and the appeal waiver; (3) the sentencing argument falls within the scope of the appeal waiver; and (4) no injustice would result from enforcing the appeal waiver. *See United States v. Andis*, 333 F.3d 886, 998-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). We decline to consider the constitutional challenge to § 7206, raised for the first time on appeal. *See Liberty State Bank v. Minn. Life & Health Ins. Guar. Ass'n*, 149 F.3d 832, 834 (8th Cir. 1998) (newly raised constitutional arguments are not considered absent exceptional circumstances). The claim of ineffective assistance of counsel must be raised (if at all) in a 28 U.S.C. § 2255 motion. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). Reviewing the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues that are not waived by the sentencing appeal waiver.

We grant counsel's motion to withdraw, we deny Adams's motion for appointment of new counsel, and we affirm.

_____