# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1816

_____

United States of America,            *
                                   *

       Appellee,          *   Appeal from the United States
                                   *   District Court for the
   v.                     *   Western District of Arkansas.
                                   *

Juan Carlos Sanchez-Perez,     *      [UNPUBLISHED]
                                   *

       Appellant.        *

_____

Submitted: July 23, 2009
Filed: July 28, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Carlos Sanchez-Perez appeals the eighty-seven-month prison sentence that the District Court[1] imposed after he pleaded guilty to aiding and abetting the distribution of 5 grams or more of actual methamphetamine. See 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that certain methamphetamine that was the subject of a dismissed count in the indictment should not have been used to determine Sanchez-Perez's base offense level under the

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Sentencing Guidelines because he was unaware that the methamphetamine was in the car in which he was traveling with his codefendant when they were arrested. We affirm.

Having reviewed the District Court's application of the Guidelines <u>de novo</u> and its underlying factual findings for clear error, <u>see</u> <u>United States v. Pruneda</u>, 518 F.3d 597, 607 (8th Cir. 2008), we find that the methamphetamine was properly included in determining Sanchez-Perez's base offense level. The District Court relied on undisputed facts in the presentence report and therefore did not clearly err in finding that Sanchez-Perez was either aware of, or could reasonably have foreseen, that his codefendant was transporting methamphetamine in the car. <u>See</u> <u>id.</u> We also agree with the District Court that the methamphetamine constituted relevant conduct under U.S.S.G. § 1B1.3.

In a pro se letter included with his notice of appeal, Sanchez-Perez contends that his counsel provided ineffective assistance. Sanchez-Perez's complaint about the ineffectiveness of his counsel is not properly before us in this direct criminal appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 827 (8th Cir. 2006).

We have reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues. Accordingly, we affirm the District Court's judgment. We also grant counsel's motion to withdraw, provided that counsel inform Sanchez-Perez about the procedures for filing pro se petitions for rehearing and for certiorari.

_____