# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2238

_____

United States of America,

        Appellee,

v.

Graciela Toledo, also known as
Esmeralda Moreno,

        Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*
\*

_____

Submitted: April 6, 2010
Filed: April 7, 2010

_____

Before RILEY, Chief Judge, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

    In this direct criminal appeal, Graciela Toledo challenges the judgment and sentence imposed by the district court[1] after she pleaded guilty to a drug offense. Her counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967).

---

    [1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Toledo's plea agreement contains an appeal waiver, and we will enforce it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Toledo's arguments on appeal fall within the scope of the appeal waiver, the record shows the requisite knowledge and voluntariness, and we see nothing to suggest that a miscarriage of justice would result from enforcing the appeal waiver. See id. at 890-91 ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal.") Further, any ineffective-assistance claim is not properly raised in this direct criminal appeal, see United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006); and we find nothing in the record to suggest the government breached the plea agreement.

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____