# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2741

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| David Underwood, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 6, 2010
Filed: April 22, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Underwood appeals the 27-month sentence the district court[1] imposed after he pleaded guilty to being a felon and unlawful user of cocaine in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(a)(2). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court did not properly consider the 18 U.S.C. § 3553(a) factors and that the sentence was unreasonable. In a pro se letter, Underwood asserts that his attorney

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

misrepresented to him that his sentence would be reduced if he completed a prison drug-treatment program.

We hold that the district court did not abuse its discretion or impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews for abuse of discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence). We find no indication that the court overlooked or misapplied any relevant section 3553(a) factor, or gave significant weight to an improper or irrelevant factor. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (sentence was not unreasonable where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors), cert. denied, 130 S. Ct. 1309 (2010). To the extent that Underwood's pro se filing raises an ineffective-assistance claim, we decline to address it on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

_____