# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2339

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
      v.                                     *
                                             *
Allen Ray Williams,                          *
also known as Tim,                           *
                                             *
            Appellant.                       *


_____

No. 11-2433

_____

United States of America,                    *          [UNPUBLISHED]
                                             *
            Appellee,                        *
                                             *
      v.                                     *
                                             *
Robert McNairy,                              *
also known as Rob,                           *
                                             *
            Appellant.                       *

Appeals from the United States
District Court for the Northern
District of Iowa.

_____

Submitted: February 17, 2012
Filed:  March 5, 2012
_____

Before RILEY, Chief Judge, WOLLMAN and SMITH, Circuit Judges.
_____

PER CURIAM.

Allen Ray Williams and Robert McNairy appeal their convictions related to the distribution of cocaine.  We affirm the judgment of the district court.[1]

A federal jury found Williams and McNairy guilty of conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), 846, and 851.  In addition, the jury convicted Williams of three counts of distribution and one count of aiding and abetting the distribution of cocaine base in violation of §§ 841(a)(1), and (b)(1)(C), 846, and 851.  McNairy was also convicted of two counts of aiding and abetting the distribution of cocaine base in violation of §§ 841(a)(1) and (b)(1)(C), 846, and 851, that occurred within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a).

On appeal, Williams and McNairy argue the district court erred by denying their respective motions for acquittal because the government produced insufficient evidence.  We review the district court's denial de novo and will "reverse only if no reasonable jury could have found [the defendants] guilty beyond a reasonable doubt."

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

United States v. Van Nguyen, 602 F.3d 886, 897 (8th Cir. 2010) (quoting United States v. Morales, 445 F.3d 1081, 1084 (8th Cir. 2006) (internal quotation marks omitted)).

A reasonable jury could have found Williams and McNairy guilty on all counts. The government produced substantial evidence—both direct and circumstantial— demonstrating Williams and McNairy participated in specific cocaine transactions and were knowingly involved in a conspiracy to sell at least 28 grams of cocaine. This included (1) testimony from cooperating witnesses who sold cocaine to and bought cocaine from both appellants; (2) testimony from undercover officers who observed both appellants participate in controlled buys of cocaine; and (3) video and audio evidence documenting the controlled buys and the phone calls initiating them.

Williams also attacks the credibility of the witnesses who testified for the government. We reject these arguments because "we do not weigh the evidence or consider the credibility of witnesses when reviewing the denial of a motion for judgment of acquittal; such questions are for the jury." United States v. Malloy, 614 F.3d 852, 861 (8th Cir. 2010). McNairy argues there was no evidence he joined the conspiracy or intentionally and knowingly distributed cocaine, rather he was an unknowing participant and simply "was accommodating a friend." After carefully reviewing the record and drawing all reasonable inferences in favor of the jury's verdict, see id. at 860-61, we conclude otherwise. We affirm the district court's denial of each of the appellants' motions for judgment of acquittal.

We decline to consider Williams's ineffective assistance of legal counsel claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

_____