United States Court of Appeals

For the Eighth Circuit

_____

No. 16-3394

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Johnson Beard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 6, 2017
Filed: March 9, 2017
[Unpublished]

_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eric Beard, who pleaded guilty to a felon-in-possession offense, appeals the sentence that the District Court[1] imposed, which was based in part on an upward

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

departure under U.S. Sentencing Guidelines § 4A1.3(a). On appeal, his counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the District Court erred by departing upward and that Beard's sentence is substantively unreasonable. Beard has filed a pro se brief challenging his sentence and claiming that he received ineffective assistance of counsel.

To begin, we decline to consider Beard's ineffective-assistance claim on direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826–27 (8th Cir. 2006) (noting that ineffective-assistance claims should be litigated in collateral proceedings where the record can be properly developed). As for Beard's sentence, we conclude that the District Court did not abuse its discretion in departing upward under § 4A1.3(a) and that the sentence is not substantively unreasonable. <u>See</u> <u>United States v. Vasquez</u>, 552 F.3d 734, 738 (8th Cir. 2009) (stating that departures from the sentencing Guidelines are reviewed for abuse of discretion); <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007) (describing appellate review of sentencing decisions).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no non-frivolous issues. Accordingly, we affirm.

_____