United States Court of Appeals

For the Eighth Circuit

_____

No. 16-2962

_____

United States of America

*Plaintiff - Appellee*

v.

Jaime Jacquez Moran

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: March 27, 2017
Filed: March 30, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After Jaime Moran pleaded guilty to a marijuana conspiracy offense, the district court[1] sentenced him to 144 months in prison, in accordance with the parties'

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, adopting the report and recommendations of the Honorable

joint sentencing stipulation and recommendation. On appeal, newly appointed counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967). For the reasons explained below, we affirm.

Counsel argues that Moran's guilty plea is not voluntary, because trial counsel failed to challenge the credibility of the government's informant and to suppress the informant's incriminating statements. Counsel also argues that trial counsel was ineffective for entering into the joint stipulation and recommendation for a 144-month sentence. Neither of these arguments is properly before us. First, Moran did not seek below to withdraw his guilty plea; and second, both of his arguments are based on ineffective assistance of counsel, which we decline to address in this direct criminal appeal. See United States v. Umanzor, 617 F.3d 1053, 1060-61 (8th Cir. 2010) (where defendant did not move to withdraw guilty plea in district court, he could not challenge voluntariness of plea for first time on direct appeal, and any claim that plea was involuntary needed to be addressed in 28 U.S.C. § 2255 proceedings where factual record could be further developed); United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings; this court will consider such claims on direct appeal only where record is fully developed, where not to act would amount to plain miscarriage of justice, or where counsel's error is readily apparent).

Finally, having reviewed the record independently as required under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. The judgment is affirmed.

_____

_____

Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa.