# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3475

_____

United States of America

*Plaintiff - Appellee*

v.

William E. Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 5, 2017
Filed: April 18, 2017
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

William Earl Brown directly appeals the sentence imposed by the district court[1]
after he pleaded guilty to conspiring to distribute cocaine, pursuant to a written plea

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri.

agreement that contained a waiver of the right to challenge his conviction and sentence. Brown's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Brown has filed a pro se supplemental brief, and moves for the appointment of new counsel.

In the Anders brief, counsel argues that Brown's sentence is unreasonable. We will enforce the appeal waiver as to this claim, because our review of the record demonstrates that Brown entered into the plea agreement and the appeal waiver knowingly and voluntarily; the argument falls within the scope of the appeal waiver; and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Likewise, the appeal waiver bars our consideration of Brown's pro se argument that the sentence does not adequately take into consideration his poor health.

Brown raises ineffective-assistance claims in his pro se submissions, but we decline to address those claims in this direct criminal appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings). Brown argues, too, that his sentence violates the Sixth Amendment because the district court calculated drug quantity based on a preponderance of the evidence, and sentenced him for a quantity far greater than that to which he pleaded guilty. We will liberally construe this argument as falling within the appeal waiver's exception for arguments regarding an "illegal sentence," but the argument fails, among other reasons, because Brown expressly consented in his plea agreement to judicial fact-finding under a preponderance standard for purposes of sentencing. See Blakely v. Washington, 542 U.S. 296, 310 (2004); United States v. Bledsoe, 445 F.3d 1069, 1072 (8th Cir. 2006).

Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal falling outside the scope of the appeal waiver. We note, however, that the written judgment reflects a clerical

error. Specifically, the judgment describes the conviction as arising out of an August 2014 guilty plea to Count 1 of the Second Superseding Indictment, and describes the offense as conspiracy to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. That plea was withdrawn, however, and was replaced by Brown's February 2016 guilty plea to the lesser-included offense of conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The district court accepted that plea. Accordingly, we modify the written judgment to reflect that the conviction arises out of the February 2016 plea to the lesser-included offense. See 28 U.S.C. § 2106 (appellate court may modify any judgment brought before it for review); cf. United States v. James, 792 F.3d 962, 971 (8th Cir. 2015) (where oral sentence and written judgment conflict, oral sentence controls).

Accordingly, we dismiss this appeal as to those issues barred by the appeal waiver, as noted above; we otherwise affirm the judgment, as modified; we grant counsel's motion to withdraw; and we deny Brown's motion for new counsel.

_____