# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1293

_____

United States of America

*Plaintiff - Appellee*

v.

Shurron S. Roberts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 29, 2017
Filed: July 13, 2017
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shurron S. Roberts pled guilty to conspiring to possess with intent to distribute over 100 grams of heroin and to being a felon in possession of a firearm. Roberts's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing

that the district court[1] erred in sentencing Roberts as a career offender and as an armed career criminal based on convictions that were over 15 years old. Roberts has filed a pro se brief and a letter pursuant to Federal Rule of Appellate Procedure 28(j) in which he also challenges these sentencing enhancements and claims that he received ineffective assistance of counsel. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Because Roberts did not object in the district court, this court reviews application of the career-offender and armed-career-criminal enhancements only for plain error. *See United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed for plain error). This court concludes that the district court did not plainly err in determining that Roberts was a career offender based on his convictions for two controlled substance offenses, or in determining that he was an armed career criminal based on those two drug convictions and his Missouri conviction for second-degree assault. *See* U.S.S.G. §§ 4B1.1(a) (defining career offender); 4A1.2(e)(1) (count any prior sentence of imprisonment exceeding one year and one month that resulted in defendant being incarcerated during 15-year period before instant offense); U.S.S.G. § 4B1.4 (armed-career-criminal provision applicable to defendants subject to enhanced sentence under Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)); *United States v. Rodriguez*, 612 F.3d 1049, 1056 (8th Cir. 2010) (ACCA contains no time limit for predicate offenses).

As to Roberts's pro se arguments, this court finds no merit to his claim that, contrary to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court relied on the ACCA's residual clause in concluding that the assault conviction qualified as an ACCA predicate; and the court declines to consider the

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

ineffective-assistance claims on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (noting that ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed).

Having conducted an independent review under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issue.

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____