# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2470

_____

United States of America

*Plaintiff - Appellee*

v.

David A. Floyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 13, 2018
Filed: August 16, 2018
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

David Floyd directly appeals the below-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a drug-conspiracy charge. His counsel has

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), relaying Floyd's arguments that ineffective assistance of counsel led to his guilty plea, and that his sentence was unreasonable.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence.[2] See United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (when district court has varied downward from Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further). Further, we decline to consider Floyd's ineffective-assistance-of-counsel claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____

[2]We decline to enforce the appeal waiver in Floyd's plea agreement. Cf. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc).