# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-2048

———————————————

United States of America

*Plaintiff - Appellee*

v.

Dennis McLallen

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: April 8, 2019
Filed: April 12, 2019
[Unpublished]

——————————

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Dennis McLallen directly appeals after he pleaded guilty to drug and firearm offenses, under a plea agreement containing an appeal waiver, and the district court[1]

———————————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

sentenced him below the calculated Guidelines range. In a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), his appellate counsel questions whether trial counsel was ineffective in not objecting to Guidelines enhancements, suggests that the district court imposed an unreasonable sentence, and seeks leave to withdraw.

We decline to consider the ineffective-assistance issues raised in the <u>Anders</u> brief. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 827 (8th Cir. 2006) (discussing limited circumstances in which ineffective-assistance claims are considered on direct appeal). Construing the <u>Anders</u> brief as also challenging the application of Guidelines enhancements, as well as the reasonableness of the sentence, we conclude that the appeal waiver is valid, applicable, and enforceable. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and grant counsel leave to withdraw.

_____