# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3615
_____

United States of America

*Plaintiff - Appellee*

v.

David Giannetto

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: July 19, 2019
Filed: July 24, 2019
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

David Giannetto directly appeals after he pleaded guilty to bank fraud and the district court[1] sentenced him to a within-Guidelines prison term. His counsel has

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. Giannetto has filed a pro se brief, claiming ineffective assistance of counsel.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a). <u>See</u> <u>United States v. Wohlman</u>, 651 F.3d 878, 887 (8th Cir. 2011) (court need not mechanically recite § 3553(a) factors, so long as it is clear from record that court actually considered them in determining sentence). We decline to consider Giannetto's pro se ineffective-assistance-of-counsel claim on direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____