# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-2092
_____

United States of America

*Plaintiff - Appellee*

v.

David Wayne Lemley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: November 15, 2021
Filed: December 7, 2021
[Unpublished]
_____

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

David Wayne Lemley appeals the below Guidelines sentence the district court[1] imposed after he pled guilty to a conspiracy drug offense. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the assessment of a 2-level enhancement for maintaining a premises, and asserting that the sentence was substantively unreasonable. In a pro se brief, Lemley also challenges the premises enhancement, and contends that counsel has not been helpful throughout the case.

The district court did not err in applying the premises enhancement because its factual findings were not clearly erroneous, as Lemley conducted substantial drug trafficking activities from his storage units, and drugs and drug distribution materials were stored there. *See United States v. Miller*, 698 F.3d 699, 705, 707 (8th Cir. 2012) (standard of review); *United States v. McArthur*, 11 F.4th 655, 661 (8th Cir. 2021) (enhancement applies to defendant who uses a premises for the purpose of substantial drug-trafficking activities, even if the premises also served other, legitimate functions). The sentence was not substantively unreasonable because the record shows that the court considered the appropriate statutory factors in determining Lemley's sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (in reviewing sentences, appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (where court makes individualized assessment based on facts presented, addressing defendant's proffered information in consideration of 18 U.S.C. § 3553(a) factors, sentence is not unreasonable).

To the extent Lemley is attempting to raise an ineffective assistance claim that requires development of matters outside the record, this court declines to address the claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). This court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and finds no nonfrivolous issues for appeal.

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____