# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2866
_____

United States of America

*Plaintiff - Appellee*

v.

Levi Anders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: February 4, 2022
Filed: February 25, 2022
[Unpublished]
_____

Before COLLOTON, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

A jury convicted Levi Anders of attempting to possess methamphetamine with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. In an *Anders* brief, Anders's current counsel suggests his last attorney was ineffective. *See Anders v. California*, 386 U.S. 738 (1967). A pro se brief claims that the Controlled Substances Act—the statute Anders violated—is not a valid exercise of

Congress's power under the Commerce Clause.  *See* U.S. Const. art. I, § 8, cl. 3; *United States v. Morrison*, 529 U.S. 598, 616–17 (2000).  We affirm.

Anders's Commerce Clause challenge is foreclosed by precedent.  *See Gonzales v. Raich*, 545 U.S. 1, 9 (2005) (holding that the Controlled Substances Act "is a valid exercise of federal power" under the Commerce Clause); *see also United States v. Davis*, 288 F.3d 359, 361–62 (8th Cir. 2002) ("[T]he Controlled Substances Act is a valid exercise of Congressional power under the [C]ommerce [C]lause."). And his ineffective-assistance-of-counsel claim will have to await collateral review. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist.  *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court[1] and grant counsel permission to withdraw.

————————————————

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

-2-