# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2370
_____

United States of America

*Plaintiff - Appellee*

v.

Douglas A. Richardson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: April 14, 2022
Filed: September 6, 2022
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

A jury found Douglas Richardson guilty of wire fraud and money laundering after he misappropriated over $9 million from others, including his employer. 18 U.S.C. §§ 1343, 1957(a). We affirm.

Richardson made little effort to hide his crimes. He told two others, for example, that he took money from his employer's account for his own use. He also defrauded several others who gave him cash to invest. Rather than doing what he promised, he used their funds to pay off his own debts. In the end, multiple witnesses—including the individuals he defrauded—told the jury what he had done.

Their testimony, as well as other evidence, established Richardson's fraudulent scheme, including his intent to defraud. *See* 18 U.S.C. § 1343 (wire fraud). The wire fraud then became the "specified unlawful activity" that allowed the jury to conclude that he had laundered money. 18 U.S.C. § 1957(a); *see also id.* §§ 1956(c)(7)(A), 1961(1). In short, the evidence was sufficient to establish every element of every count.

Richardson's other arguments fare no better. The ineffective-assistance-of-trial-counsel claim will have to await collateral review. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings"). And the Sixth Amendment challenge to the restitution order is foreclosed by precedent. *See United States v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005) (explaining that judges may find the facts underlying a restitution order); *see also United States v. Flynn*, 969 F.3d 873, 881–82 (8th Cir. 2020) (making clear that the Supreme Court has not "silently overturn[ed] our precedent" in this area).

We accordingly affirm the judgment of the district court.[1]

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.