# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3302

_____

United States of America,

*Plaintiff - Appellee*,

v.

Blake Ruel,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 6, 2023
Filed: March 9, 2023
[Unpublished]

_____

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Blake Ruel appeals a sentence imposed by the district court[1] after Ruel pleaded guilty to offenses involving drugs and firearms. His counsel moved to withdraw and

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the reasonableness of the sentence. Ruel moved for new counsel on appeal, stating that he was misled by his counsel during the plea negotiations.

As to counsel's argument, we conclude that Ruel's sentence was not unreasonable. The court specifically stated that it had considered all of the factors under 18 U.S.C. § 3553(a), and there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014).

As to Ruel's pro se argument that counsel was ineffective during the plea negotiations, Ruel did not move to withdraw his plea as involuntary, and we conclude that his challenge to counsel's performance would be better addressed on collateral review. *See United States v. Umanzor*, 617 F.3d 1053, 1060 (8th Cir. 2010); *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and find no non-frivolous issues for appeal. Accordingly, we affirm the judgment. We also grant counsel's motion to withdraw, and we deny Ruel's motion for new counsel as moot.

_____