# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3481
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle G. Gibler, also known as Kyle Gibler

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: July 3, 2024
Filed: July 9, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Kyle Gibler appeals the sentence the district court[1] imposed after he pleaded guilty to a child pornography offense pursuant to a written plea agreement containing

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

an appeal waiver. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

We conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

To the extent Gibler is attempting to raise claims that counsel was ineffective, we decline to consider such claims on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (establishing that ineffective-assistance claims are usually best raised in collateral proceedings where the record can be properly developed).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, grant counsel leave to withdraw, and deny Gibler's motions for appointment of new counsel.

_____