# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2833
_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Robinson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 9, 2026
Filed: April 14, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Jacob Robinson appeals after he pled guilty to a firearm offense and the district court[1] sentenced him as an armed career criminal. His counsel has moved for leave

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the court erroneously determined that Robinson's prior felony conviction under Ark. Code Ann. § 5-64-420 qualified as a predicate offense for purposes of the Armed Career Criminal Act (ACCA). Robinson has filed a pro se brief arguing the district court erred in calculating his criminal history and sentencing him as an armed career criminal.

Upon de novo review, we conclude that the district court correctly determined that Robinson's prior conviction under section 5-64-420 qualified as an ACCA predicate offense. <u>See</u> <u>United States v. Ferguson</u>, 163 F.4th 541, 544 (8th Cir. 2026) (standard of review); <u>United States v. Buckley</u>, 146 F.4th 679, 681-82 (8th Cir. 2025) (holding cocaine conviction under Ark. Code Ann. § 5-64-420 is serious drug offense under the ACCA). As to Robinson's pro se challenges, we further conclude the district court correctly sentenced him as an armed career criminal, as there is no time limit for predicate ACCA offenses, <u>United States v. Rodriguez</u>, 612 F.3d 1049, 1056-57 (8th Cir. 2010) (rejecting argument based on age of ACCA predicate offenses), and the district court did not plainly err in calculating Robinson's advisory Guidelines imprisonment range, <u>see</u> <u>United States v. Callaway</u>, 762 F.3d 754, 759 (8th Cir. 2014) (standard of review). We decline to address Robinson's ineffective-assistance-of-counsel claim on direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings where record can be properly developed).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment and we grant counsel's motion to withdraw.

_____