# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3173

_____

United States of America

*Plaintiff - Appellee*

v.

Julie Tina Hatcher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 1, 2016
Filed: August 5,2016
[Unpublished]

_____

Before COLLOTON, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Julie Hatcher directly appeals after the district court[1] imposed a within-Guidelines-range sentence at a resentencing hearing. Her counsel has moved

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Hatcher received ineffective assistance of counsel. Hatcher has filed a supplemental brief arguing that she received ineffective assistance of counsel, that the government engaged in prosecutorial misconduct, that she was entitled to resentencing before a different judge, that the court misapplied certain Guidelines enhancements, and that the written judgment incorrectly states the conditions of her supervised release. Hatcher also moves for production of documents and to modify the restitution order.

To begin, we decline to address the ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). As to Hatcher's prosecutorial-misconduct claim, we conclude that the claim is speculative and meritless. *See United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010) (mere speculation that government file may contain *Brady*[2] material is not sufficient to require remand). As to Hatcher's argument that she was entitled to resentencing before a different judge, we conclude that her argument lacks merit. As to her argument that the district court erred in its Guidelines calculations, we enforce the appeal waiver contained in Hatcher's plea agreement. *See United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). As to her assertion that the written judgment incorrectly states her supervised-release conditions, we order the judgment to be modified to reflect the supervised-release conditions that the district court imposed at the resentencing hearing. *See United States v. James*, 792 F.3d 962, 971 (8th Cir. 2015) (where oral sentence and written judgment conflict, oral sentence controls).

---

[2]*See Brady v. Maryland*, 373 U.S. 83 (1963).

-2-

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no other non-frivolous issues for appeal. Accordingly, we affirm the judgment as modified, and we grant counsel's motion to withdraw. Finally, Hatcher's pending motions are denied.

———————————————