# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3799

_____

United States of America

*Plaintiff - Appellee*

v.

Robert L. Hill, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 18, 2017
Filed: May 23, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert Hill appeals from the sentence the District Court[1] imposed after he pleaded guilty to drug offenses under a plea agreement that contained an appeal

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

waiver. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

As to Hill's challenge to the reasonableness of his sentence, we enforce the appeal waiver and decline to consider the merits of the issue. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) ("This court reviews de novo the validity and applicability of [an] appeal waiver."); United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (discussing the enforcement of appeal waivers), cert. denied, 540 U.S. 997 (2003). The remaining issues raised by counsel are those specifically outside the scope of the appeal waiver. Nevertheless, we also decline to consider the merits of Hill's ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) (noting that ineffective-assistance claims are ordinarily best litigated in collateral proceedings, where the record can be properly developed). Further, Hill has not pointed to anything in the record that shows prosecutorial misconduct. See United States v. Clayton, 787 F.3d 929, 933 (8th Cir. 2015) (noting that a defendant claiming prosecutorial misconduct must show that the government's conduct was improper and that it affected his substantial rights such that he was deprived of a fair trial). Finally, we conclude that Hill's sentence is not illegal. See Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) ("An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority.").

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no non-frivolous issues that are not covered by the appeal waiver. Accordingly, we affirm the judgment, and we grant counsel's motion for leave to withdraw.

_____