# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3032

_____

United States of America

*Plaintiff - Appellee*

v.

Buck Richard Hansbrough

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: June 6, 2018
Filed: June 12, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Buck Hansbrough directly appeals after he pleaded guilty to a drug charge, pursuant to a plea agreement that contained an appeal waiver, and the district court[1]

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

imposed a prison term below the Guidelines range. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), which does not acknowledge the appeal waiver, and argues that the district court committed procedural sentencing errors and imposed a substantively unreasonable sentence. In a pro se brief, Hansbrough also argues that the district court committed procedural sentencing errors and imposed a substantively unreasonable sentence, and additionally asserts that he received ineffective assistance of counsel.

To begin, we decline to consider Hansbrough's claim of ineffective assistance of counsel on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed).

As to the arguments challenging the procedural and substantive reasonableness of the sentence, we conclude that the appeal waiver is valid, applicable, and enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion, and we dismiss this appeal.

_____