## United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3003
_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Allen Stewart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 29, 2019
Filed: June 5, 2019
[Unpublished]

_____

Before BENTON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Nathan Stewart pleaded guilty to possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D); carrying a firearm in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm, *id.* § 922(g)(1). As part of the plea agreement, he waived his right to appeal

his convictions, but not the 97-month prison sentence imposed by the district court.[1] In an *Anders* brief, Stewart's counsel seeks permission to withdraw and questions whether Stewart's less-than-ten-year sentence for drug possession can support a conviction for carrying a firearm during a drug-trafficking crime. *See Anders v. California*, 386 U.S. 738 (1967). In a pro se brief, Stewart argues that he received ineffective assistance of trial counsel.

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue counsel has raised in the *Anders* brief. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We also decline to address the ineffective-assistance-of-counsel claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that ineffective-assistance claims generally are not considered on direct appeal, unless the record has been fully developed, the failure to act would amount to a miscarriage of justice, or counsel's error is readily apparent).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no other non-frivolous issues for appeal. Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.