# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2604

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Justin Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 14, 2021
Filed: July 19, 2021
[Unpublished]

_____

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Anthony Johnson pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). As part of the plea agreement, he "waive[d] his right to appeal his sentence" unless, as relevant here, it exceeded the statutory

maximum. The district court[1] gave him a 90-month prison sentence, which is below the statutory maximum. *See id.* § 924(a)(2) (setting the maximum sentence at 10 years). In an *Anders* brief, Johnson's counsel challenges the substantive reasonableness of the sentence and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). In a pro se supplemental brief, Johnson separately argues that counsel's ineffectiveness caused the district court to miss certain mitigating factors and impose a substantively unreasonable sentence.

Johnson's sentencing challenges are foreclosed by the appeal waiver, which he entered into knowingly and voluntarily. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing this issue de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). The ineffective-assistance-of-counsel claim, by contrast, is not covered by the appeal waiver, but it would be premature to consider it now without an adequately developed record. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.