# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3606

_____

United States of America

*Plaintiff - Appellee*

v.

Alex Kellum

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: July 27, 2021
Filed: July 30, 2021
[Unpublished]

_____

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Following a bench trial, the district court[1] convicted Alex Kellum of three counts of distribution of a mixture or substance containing cocaine base. 21 U.S.C. § 841(a)(1), (b)(1). Kellum's counsel requests permission to withdraw and, in an

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

*Anders* brief, raises the insufficiency of the evidence as a potential argument on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Kellum has also filed two pro se briefs in which he makes a number of other arguments. We affirm.

We conclude that the government presented sufficient evidence of Kellum's guilt. *See United States v. Ross*, 990 F.3d 636, 639 (8th Cir. 2021) (reviewing the sufficiency of the evidence de novo). One witness testified that Kellum sold him drugs, and other evidence, including video and telephone recordings, corroborated his testimony. *See United States v. Hernandez*, 569 F.3d 893, 896–97 (8th Cir. 2009) (stating that the factfinder's evaluation of "the credibility of criminal witnesses" is "virtually unreviewable on appeal" (quotation marks omitted)).

Kellum's pro se arguments fare no better. The government did not file the superseding indictment too late or in retaliation for Kellum's "exercise[] [of] his right to proceed to trial."[2] *See* 18 U.S.C. § 3282(a) (setting a five-year statute of limitations); *Campbell*, 410 F.3d at 462 ("A presumption [of vindictive prosecution] does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights[.]"). Nor did it fail to produce the relevant "statement[s]" of its witnesses, 18 U.S.C. § 3500(b); *see United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998) (explaining the requirements of the Jencks Act), or other material evidence in the case, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963).

We decline to consider Kellum's remaining arguments. One of them is a Confrontation Clause challenge to forensic lab reports, but Kellum had already stipulated that, "[b]ased on [] laboratory testing," the substance he was convicted of distributing was cocaine base. *See United States v. Robinson*, 617 F.3d 984, 989 (8th Cir. 2010) ("A defendant may waive his confrontation rights . . . by stipulating

---

[2]The same goes for an information that provided details about a prior drug conviction. *See* 21 U.S.C. § 851(a)(1) (permitting the information to be filed "before trial, or before entry of a plea of guilty"); *United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005).

to the admission of evidence . . . ." (first alteration in original) (quotation marks omitted)).  Another is ineffective assistance of counsel, but it would be premature to consider this claim now without an adequately developed record.  *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist.  *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).  We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____