United States Court of Appeals

For the Eighth Circuit

_____

No. 21-1968

_____

United States of America

*Plaintiff - Appellee*

v.

Roberto Lopez Gomez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central[1]

_____

Submitted: November 3, 2021
Filed: November 18, 2021
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Roberto Lopez Gomez pleaded guilty to attempted enticement of a minor. *See* 18 U.S.C. § 2422(b). As part of the plea agreement, he waived the right to appeal

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

his conviction, except for, as relevant here, ineffective assistance of counsel. An *Anders* brief questions whether Gomez should have been allowed to plead guilty to a different crime. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude that this issue falls squarely within the appeal waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). And to the extent the brief suggests that plea counsel did a poor job of representing Gomez during plea negotiations, a claim of this type is "usually best litigated in collateral proceedings." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____