# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2125
_____

United States of America

*Plaintiff - Appellee*

v.

Dale Roberson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln[1]
_____

Submitted: November 4, 2021
Filed: November 18, 2021
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Dale Roberson received a 180-month prison sentence after he pleaded guilty to conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1),

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

841(b)(1)(A), 846. As part of the plea agreement, he waived the right to appeal his conviction and sentence, except for, as relevant here, ineffective assistance of counsel. In an *Anders* brief, Roberson's counsel suggests that the sentence is substantively unreasonable. *See Anders v. California*, 386 U.S. 738 (1967). A pro se supplemental brief alleges that counsel was ineffective.

The appeal waiver, which is enforceable, covers the sentencing issue. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). And we decline to consider the ineffective-assistance-of-counsel claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal, grant counsel permission to withdraw, and deny the pending pro se motion as moot.

_____