# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1522
_____

United States of America

*Plaintiff - Appellee*

v.

Eldon M. Cox

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 7, 2022
Filed: September 12, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Eldon Cox received a 204-month prison sentence after he pleaded guilty to possession with intent to distribute cocaine base. 21 U.S.C. § 841(a)(1), (b)(1)(C). As part of the plea agreement, he waived his right to appeal unless, as relevant here, the sentence exceeded the statutory maximum. An *Anders* brief suggests that the

sentence is substantively unreasonable and that the district court[1] should have provided notice that it intended to vary upward. *See Anders v. California*, 386 U.S. 738 (1967). A pro se supplemental brief raises similar issues.

Upon careful review, we conclude that the waiver is both enforceable and applicable to the issues raised on appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). And to the extent Cox raises an ineffective-assistance-of-counsel claim, we decline to review it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.