# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1126
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Thomas Cummings, II, also known as Michael Cummings, also known as
Michael Cummings, II, also known as Blue

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 4, 2024
Filed: September 9, 2024
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Michael Cummings appeals the sentence the district court[1] imposed after he pleaded guilty to drug and firearm offenses pursuant to a written plea agreement containing an appeal waiver, with exceptions for prosecutorial misconduct and ineffective assistance of counsel. His counsel has requested leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the Guidelines calculations and the substantive reasonableness of the sentence. Cummings has also filed a pro se brief, raising additional challenges to his sentence, as well as claims of prosecutorial misconduct and ineffective assistance of counsel.

We conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We further conclude that Cummings failed to identify any conduct by the government constituting misconduct, and we decline to consider his ineffective-assistance claims on direct appeal. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015) (explaining that prosecutorial misconduct requires a showing that the government's conduct was improper and affected the defendant's substantial rights); *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (establishing that ineffective-assistance claims are usually best raised in collateral proceedings where the record can be properly developed).

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal and grant counsel leave to withdraw. Cummings also requests new counsel on appeal, but we conclude new counsel is not warranted.

_____