# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2116
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Vega, also known as Samuel Dominguez-Vega

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 7, 2025
Filed: February 13, 2025
[Unpublished]
_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Samuel Vega appeals the sentence the district court[1] imposed after he pleaded guilty to a drug conspiracy offense pursuant to a plea agreement containing an appeal

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

waiver.  His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the reasonableness of the sentence. Although Vega was granted an extension of time, he did not file a pro se brief; however, his motion for an extension of time indicated that he wished to raise the issue of ineffective assistance of counsel.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable as to the sentencing issues raised in this appeal.  <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of appeal waiver are reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).  To the extent Vega raises an ineffective-assistance-of-counsel claim, we decline to address it in this direct appeal.  <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver.  Accordingly, we dismiss the appeal based on the appeal waiver and grant counsel's motion to withdraw.

_____