United States Court of Appeals

For the Eighth Circuit

_____

No. 25-2784
_____

United States of America

*Plaintiff - Appellee*

v.

Christine N. Hughes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: February 2, 2026
Filed: February 5, 2026
[Unpublished]
_____

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Christine Hughes appeals the sentence imposed by the district court[1] after she pled guilty to a drug conspiracy offense pursuant to a plea agreement containing an

_____

[1]The Honorable Roberto Lange, Chief Judge, United States District Court for the District of South Dakota.

appeal waiver. Her counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Hughes has filed a pro se brief challenging her sentence and arguing that counsel was ineffective.

We decline to address Hughes's ineffective-assistance claim in this direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best raised in collateral proceedings where record can be properly developed). We conclude that the appeal waiver is valid, enforceable, and applicable to the remaining issues raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel leave to withdraw and dismiss this appeal.

_____