# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3293
_____

United States of America

*Plaintiff - Appellee*

v.

Cherelle Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 28, 2026
Filed: May 5, 2026
[Unpublished]
_____

Before GRUENDER, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Cherelle Smith appeals after she pled guilty to aiding and assisting in the preparation of a false tax return, pursuant to a plea agreement containing an appeal waiver. Her counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence and restitution

amount imposed by the district court.[1]  The government has moved to dismiss the appeal based on the appeal waiver.  In a pro se brief, Smith challenges the Guidelines calculation and restitution amount, and claims prosecutorial misconduct and ineffective assistance of counsel.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to most of the issues raised in this appeal, as the appeal falls within the scope of the waiver, Smith knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of appeal waiver is reviewed de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We further conclude that Smith failed to identify any conduct by the government constituting misconduct, and we decline to consider her ineffective-assistance claims on direct appeal.  *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015) (prosecutorial misconduct requires showing government's conduct was improper and affected defendant's substantial rights); *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best raised in collateral proceedings where record can be properly developed).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver.  Accordingly, we grant the government's motion and dismiss this

---

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

appeal in part based on the appeal waiver, otherwise affirm, grant counsel's motion to withdraw, and deny Smith's pending motions.

_____