# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2272

_____

United States of America

*Plaintiff - Appellee*

v.

Ralph Ruffin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 15, 2026
Filed: June 18, 2026
[Unpublished]

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ralph Ruffin appeals after he pled guilty to drug and firearm charges pursuant to a written plea agreement and the district court[1] imposed an above-Guidelines-range

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

sentence. His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the court erred by failing to explain Ruffin's sentence.

After review, we first determine that the appeal is outside the scope of the appeal waiver in the written plea agreement. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). Next, we reject Ruffin's challenge to the district court's explanation of the sentence, as the court stated it imposed the sentence after carefully considering the 18 U.S.C. § 3553(a) factors and discussed the various factors it balanced to arrive at the sentence imposed, including mitigating factors, the egregious circumstances of the offense, and the need to protect the public, among others. <u>See</u> <u>United States v. Carson</u>, 924 F.3d 467, 470-71 (8th Cir. 2019) (standard of review); <u>United States v. Williams</u>, 171 F.4th 1086, 1091 (8th Cir. 2026). In addition, we conclude that the district court did not impose a substantively unreasonable sentence, as there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc). Finally, we decline to consider Ruffin's ineffective-assistance claim on direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and we affirm the judgment.

_____